E-FILED
Thursday, 04 June, 2026  04:18:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| RANDY FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 26-cv-4062 |
| v. | ) | |
| | ) | |
| ILLINOIS STATE BOARD OF | ) | |
| ELECTIONS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants request the Court deny leave to file a Second Amended Complaint because the proposed complaint, Doc. 34, fails to cure substantial defects in the First Amended Complaint, Plaintiff has compounded his own alleged injury by failing to even file for his desired candidacy, and Plaintiff's apparent and continued misuse of artificial intelligence in his Court filings demonstrates Plaintiff is unlikely to ever plead a cognizable claim.

**INTRODUCTION AND BACKGROUND**

Per the current and proposed complaints, Plaintiff Randy Flowers intended to seek election as an independent candidate for the U.S. House of Representatives in the 17th Congressional District of Illinois. Doc. 34, ¶ 10. Defendants (as alleged in the body of Plaintiff's current First Amended Complaint) are the Illinois State Board of Elections ("ISBE", or "Board"), and the Board's Chair, Vice Chair, and some of its members (Laura K. Donahue, Jennifer M. Ballard Croft, Cristina D. Cray, Tonya L. Genovese, Catherine S. McCrory, Jack Vrett, and Casandra B. Watson) (collectively, the "ISBE Defendants").[1] Doc. 24, ¶¶ 11–19. Relevant to Plaintiff's motion, (1)

---

[1] After removing the Board's Executive Director, Bernadette Matthews, Assistant Executive Director, Jeremy Kirk, and Board member Rick S. Terven Sr. as defendants when he filed his First Amended Complaint, and after the Court terminated them from this lawsuit on April 20, 2026, Plaintiff now seeks to reinstate them as defendants in the Second Amended Complaint. Doc. 34, ¶¶ 11-22.

although the proposed Second Amended Complaint corrects, according to Plaintiff, a few "technical and organizational issues," Doc. 30 at 2, it fails to correct substantive deficiencies in the First Amended Complaint; (2) Plaintiff has independently defeated his own candidacy by failing to observe filing deadlines; and (3) the proposed amendment demonstrates continued misuse of artificial intelligence, which in turn shows further amendment will be futile.

As noted in the motion to dismiss the First Amended Complaint, the Election Code requires, among other things, that independent candidates obtain the signatures of qualified voters in the district comprising at least 5% of the number of persons who voted in the preceding regular election for that office. 10 ILCS 5/10-3. In this case, the number of required signatures is 16,035. Doc. 24, ¶ 2. Plaintiff challenges this requirement, asserting it is unconstitutionally onerous.

The Election Code also sets a deadline for filing nominating petitions, which was May 26, 2026. 10 ILCS 5/10-6 ("162 days previous to the day of election," or November 3, 2026, fell on May 25, 2026, which was excluded under 10 ILCS 5/1-6 because it was a holiday); *see also* Pl.'s Mot. for Leave, Doc. 30 at 2 (conceding petition deadline was May 26, 2026). And it requires candidates to file by May 25, 2026 a statement of candidacy asserting they are qualified for the office and requesting their name be placed on the ballot. 10 ILCS 5/10-5. Plaintiff did not file any nominating petitions, and did not file a statement of candidacy. Ex. A, Affidavit of Davis.

As part of the motion to dismiss, the Defendant Board alerted Plaintiff and the Court that portions of his complaint appeared to be generated by artificial intelligence. In particular, Plaintiff referenced a fictitious Board Member, "Jessie Poole," and made other easily checked mistakes of fact. Doc. 26 at 4–5. In his response, Plaintiff neither confirms the use of artificial intelligence, nor denies it. Doc. 33 at ¶¶ 11–43. Instead, Plaintiff notes that the Court's rules do not prohibit artificial intelligence assistance and contends the errors are mere clerical mistakes that do not impact the merits of the case. *Id.*

Although Plaintiff is correct that use of artificial intelligence is not prohibited, "all litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Diallo v. 50 E. Chestnut Condo Ass'n,* No. 23-cv-13985, 2026 U.S. Dist. LEXIS 77536 (N.D. Ill. April 9, 2026) at *54 n.3 (citing *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026)). "Failure to do so may result in sanctionable violations of Federal Rule of Civil Procedure 11," *id.*, for "licensed attorneys and self-represented litigants alike," *Hobbs v. Goncharko*, No. 25 CV 3398, 2026 U.S. Dist. LEXIS 9005, at *4 (N.D. Ill. Jan. 16, 2026).

Remarkably, despite Plaintiff plainly being on notice that his previous filing contained substantial errors likely flowing from his reliance on artificial intelligence, his response to the Motion to Dismiss contains a lengthy and patently false discussion of *Navarro v. Neal*, 716 F.3d 425 (7th Cir. 2013). Plaintiff asserts, no doubt relying on artificial intelligence without independently verifying its outputs, that the *Navarro* court ruled the same 5% signature requirement at issue in this case was unconstitutional because it imposed a severe burden under the *Anderson-Burdick* analysis. Doc. 33 at ¶¶ 66-82. Of course, *Navarro* contains no such holding. *Navarro* concerned a different section of the Election Code—10 ILCS 5/7-61—and *upheld it* as a "reasonable and nondiscriminatory ballot access law[] that serve[d] the important regulatory interests of preventing voter confusion and protecting the integrity of elections." *Navarro,* 716 F.3d at 432. In reaching its conclusion, the *Navarro* court discussed with approval the fact that the Supreme Court upheld a 5% signature requirement in *Jenness v. Fortson*, 403 U.S. 431, 442 (1971). *Navarro,* 716 F.3d at 431. Far from defeating the Board's motion to dismiss, *Navarro* further *buttresses* Defendant's motion and the validity of the challenged election requirements. All the more puzzling, then, that Plaintiff suggests Defense counsel has violated rules of professional conduct by "fail[ing] to disclose directly adverse controlling authority." Doc. 33 at ¶ 72. Defendant

*actually cited Navarro* in its brief opposing Plaintiff's motion for preliminary injunction, Doc. 22 at 6, and *Navarro* is *not* adverse.

At bottom, Plaintiff's proposed Second Amended Complaint does not meaningfully cure the defects in his First Amended Complaint. And Plaintiff's continued misuse of artificial intelligence demonstrates that he is unlikely to be able to state a cognizable claim for relief even if given additional pleading opportunities. The Court should therefore deny Plaintiff leave to amend his complaint, and instead grant the Board's motion to dismiss the First Amended Complaint with prejudice.

## ARGUMENT

The Court should deny leave to amend because he has not shown that the Second Amended Complaint cures core deficiencies in the First Amended Complaint, and Plaintiff is unlikely to plead a valid claim even if given additional opportunities.

Under Rule 15(a)(1), a party is entitled to one amendment as a matter of course. Plaintiff exhausted that opportunity when he filed his First Amended Complaint. Rule 15(a)(2) now controls, which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." "The terms of the rule, however, do not mandate that leave be granted in every case." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). "Reasons for finding that leave should not be granted include *repeated failure to cure deficiencies by amendments previously allowed*," and "futility of amendment." *Id.* "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court," and will only be overturned "if the district court abused its discretion by refusing to grant the leave without any justifying reason." *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) (internal quotation marks omitted) (alteration in original).

Here, Plaintiff's proposed Second Amended Complaint does not meaningfully change any of the claims pressed in his First Amended Complaint. Both complaints contend that the 5% signature requirement is unconstitutionally onerous based on the geographical makeup of the electoral district Plaintiff hopes to represent, the amount of time allowed for collecting signatures, "seasonal timing," and Plaintiff's comparisons between the requirements for candidates who obtain ballot access through the primary system and candidates who seek access as independents. These claims fail as a matter of law as explained fully in the Board's motion to dismiss the First Amended Complaint. And so, although Plaintiff proposes to correct a few issues, such as his failure to name defendants in his case caption and his inclusion of a fictitious Board Member, Plaintiff does not explain how his Second Amended Complaint will better resist the Board's motion to dismiss on the substantive grounds presented therein. Instead, he acknowledges that the changes are merely "technical and organizational." Doc. 30 at 2. Further, Plaintiff's proposed amendment continues to improperly name the Board as a defendant, even though it plainly enjoys immunity under the Eleventh Amendment and is not a "person" capable of being sued under § 1983. *See* Mot. Dismiss. 1st Am. Compl., Doc. 26 at 6–7.

In short, Plaintiff's proposed amendment again fails to cure the deficiencies in his original and First Amended Complaint. And because it does nothing to defeat the pending motion to dismiss, filing the amendment would be futile. Additionally, Plaintiff's continued misuse of artificial intelligence demonstrates that he is unlikely to correct these deficiencies if given the opportunity to file a Third Amended Complaint. Indeed, judging from Plaintiff's proposal to now reinstate three defendants that were dropped from this lawsuit in the machine-written First Amended Complaint, it is anyone's guess whether there will be yet another set of slightly differing defendants in a future complaint.

Moreover, Defendants note that Plaintiff did not even attempt to file nominating petitions or the required statement of candidacy by the May 26, 2026 deadline. 10 ILCS 5/10-6 (certificates

of nomination and nomination papers must be filed not "less than 162 days previous to the day of election for which the candidates are nominated."). Under Section 10-5 of the Election Code:

> All petitions for nomination shall . . . . include as a part thereof, the oath required by Section 7-10.1 . . . and . . . a statement of candidacy for each of the candidates named therein, . . . . set[ting] out the address of such candidate, the office for which he is a candidate, . . . stat[ing] that the candidate is qualified for the office specified and . . . request[ing] that the candidate's name be placed upon the official ballot and shall be subscribed and sworn to by such candidate . . . .

10 ILCS 5/10-5. Under Illinois law, the filing of a statement of candidacy and oath is mandatory, and candidates that do not "substantially comply with the statute" are not entitled to appear on the ballot. *Goodman v. Ward*, 241 Ill. 2d 398, 410, 948 N.E.2d 580, 588 (2011); *North v. Hinkle*, 295 Ill. App. 3d 84, 88–89, 692 N.E.2d 352, 355–56 (2d Dist. 1998). Thus, Plaintiff's failure to file even a statement of candidacy or *any* nomination papers constitutes an independent bar to Plaintiff's candidacy, irrespective of the outcome of Plaintiff's challenge to the 5% signature requirement. And these failures are self-inflicted, ensuring his disqualification from the ballot through his own inaction. "[S]elf-inflicted wounds are not irreparable injury," *Second City Music, Inc. v. City of Chicago*, 333 F.3d 846, 850 (7th Cir. 2003), and therefore Plaintiff cannot demonstrate entitlement to the injunctive relief he seeks. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156 (2010) ("[A] plaintiff seeking a permanent injunction must . . . . demonstrate: (1) that [he] has suffered an irreparable injury . . . ." (first alteration in original)); *West Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 678 (7th Cir. 2015) ("[E]quity aids the vigilant, not those who sleep on their rights.").

Accordingly, the Court should exercise its discretion to deny Plaintiff leave to file a Second Amended Complaint. Amending the complaint would be futile, as the proposed amendment is riddled with false descriptions of case law due to apparent misuse of artificial intelligence, and Plaintiff has defeated his own candidacy through his own inaction.

WHEREFORE, Defendants request this Court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Respectfully submitted,

Joshua D. Ratz, #6293615
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
(217) 782-9014 Telephone
(217) 782-8767 Facsimile
Joshua.Ratz@ilag.gov
gls@ilag.gov

ILLINOIS STATE BOARD OF ELECTIONS, BERNADETTE MATTHEWS, JEREMY KIRK, LAURA K. DONAHUE, JENNIFER M. BALLARD CROFT, CRISTINA D. CRAY, TONYA L. GENOVESE, CATHERINE S. MCCRORY, JACK VRETT, and CASANDRA B. WATSON,

Defendants,

KWAME RAOUL, Attorney General of the State of Illinois,

By: /s/ Joshua D. Ratz
Joshua D. Ratz
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| RANDY FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | )        No. 26-cv-4062 |
| v. | ) |
| | ) |
| ILLINOIS STATE BOARD OF | ) |
| ELECTIONS et al. | ) |
| | ) |
| Defendants. | ) |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 4, 2026, the foregoing document, *Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Counsel of Record

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following:

Randy Flowers
pro se, Plaintiff
2509 30th Street
Rock Island, IL 61201

and emailed a copy to Randy Flowers at:        my4kidsdad@netzero.net


/s/ Joshua D. Ratz
Joshua D. Ratz
Assistant Attorney General